IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JUAN CARLOS OLIVIO RAMIREZ,   )
                              )
                  Petitioner, )
                              )
        v.                    )        1:13CV22
                              )
JOSEPH B. HALL,               )
                              )
                  Respondent. )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, has submitted a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody. For the following reasons, the Petition cannot be further processed.

1. Filing fee was not received, nor was an affidavit to proceed *in forma pauperis* submitted and signed by Petitioner.

2. Petitioner indicates that he has not exhausted his state court remedies as to his claim(s). (Docket Entry 1, § 12(c)). This Court cannot grant relief unless state court remedies have been exhausted. 28 U.S.C. § 2254(b). In North Carolina, a petitioner may satisfy the exhaustion requirement of § 2254 by raising his claim(s) in a direct appeal of his conviction and/or sentence to the North Carolina Court of Appeals followed by a petition to the Supreme Court of North Carolina for discretionary review, or by raising his claims in a Motion for Appropriate Relief ("MAR") and petitioning the North Carolina Court of Appeals for a writ of certiorari if the MAR is denied. See Lassiter v. Lewis, No. 5:11HC2082D, 2012 WL 1965434, at *4-5 (E.D.N.C. May 31, 2012) (unpublished) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999), and N.C. Gen. Stat. §§ 7A–31, 15A–1422).

Petitioner states that he pursued a direct appeal of his criminal conviction (Docket Entry 1, §§ 8 and 9), but expressly declares that he did not raise his instant claim(s) in that appeal (id. § 12(c)). The Petition indicates that

Petitioner raised his instant claim(s) as an "Innocence Claim" to the North Carolina Supreme Court. (Id. § 12(d)(1)). Nevertheless, such a claim is not a MAR filed in the appropriate state superior court. Consequently, the Petition establishes that Petitioner has not exhausted his state court remedies.

Nor may the Court ignore the exhaustion requirement simply because Petitioner asserts in conclusory terms that he is actually innocent. See Rogers v. Rushton, No. 8:07-947-MBS-BHH, 2008 WL 625020, at *2 (D.S.C. Mar. 4, 2008) (unpublished), appeal dismissed, 283 F. App'x 149 (4th Cir. 2008). Further, the Petition does not make an actual innocence argument as defined by federal habeas law. To demonstrate actual innocence, Petitioner must produce new evidence showing that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Schlup v. Delo, 513 U.S. 298, 327 (1995). Also, Petitioner would have to show factual innocence and not merely legal insufficiency. Wright v. Angelone, 151 F.3d 151, 158 n.2 (4th Cir. 1998). Petitioner cites only evidence from his trial or which he would have been aware of at the time of his trial, not any new evidence.

Because of these pleading failures, the Petition should be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted once he has exhausted his state court remedies. The Court has no authority to toll the statute of limitation, therefore it continues to run, and Petitioner must act quickly if he wishes to pursue this petition. See Spencer v. Sutton, 239 F.3d 626 (4th Cir. 2001). To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

**IT IS RECOMMENDED** that this action be filed, but then dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition once he has exhausted his state court remedies.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

Date: January 28, 2013